UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BLAKE AARON BROUSSARD**         CASE NO. 6:20-CV-01356

**VERSUS**                        JUDGE ROBERT R. SUMMERHAYS

**RICKY FONTENOT ET AL**          MAGISTRATE JUDGE PATRICK J. HANNA

REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Daiquiris Supreme, Inc. ("Daiquiris Supreme") seeking dismissal of all claims against it in the above-captioned suit based on plaintiff's failure to effect service as required by Fed. R. Civ. P. 4. (Rec. Doc. 10). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636, recommending the instant motion be GRANTED in full and, as such, all claims by plaintiff be dismissed without prejudice.

**Factual Background**

Plaintiff Blake Aaron Broussard filed suit against Ricky Fontenot ("Fontenot"), Scott Morgan ("Morgan"), Lafayette City Parish Consolidated Government ("Lafayette"), and Daiquiris Supreme in September of 2020, asserting claims for, *inter alia*, false arrest and excessive force resulting in injury in violation of his Fourth and Fourteenth Amendment rights under the U.S. Constitution. (Rec.

1

Doc. 1-2). Defendants Fontenot, Morgan and Lafayette removed the suit to this Court on the basis of federal question jurisdiction. (Rec. Doc. 1).

By notice dated March 12, 2021, plaintiff was notified of the Clerk of Court's intention to dismiss Daiquiris Supreme from the suit based on plaintiff's failure to effect service. (Rec. Doc. 9). Citing LR 41.3, plaintiff was given fourteen (14) days from the date of the notice to cure the service issue as to Daiquiris Supreme to avoid dismissal of this defendant. (*Id.*). Daiquiris Supreme filed the instant motion to dismiss the same day, noting plaintiff's failure to effect service on its proper Registered Agent. (Rec. Doc. 10). In response, plaintiff sought and was granted an extension of time in which to effect service on Daiquiris Supreme until May 1, 2021. (Rec. Docs. 13-14).

## Analysis

The undersigned has reviewed the record in this case and finds that, as of the date of issuance of this report and recommendation, plaintiff has not cured the defect in service as to purported defendant Daiquiris Supreme. Moreover, this Court notes that after making service on the wrong Registered Agent, plaintiff was instructed in the Notice of Removal as to the identity of the proper Registered Agent for service as to Daiquiris Supreme. (Rec. Doc. 1). Thereafter, plaintiff has shown no cause why continued failure to effect service is beyond his control or should be subject to further opportunities for cure in this suit. *Sys. Signs Supplies v. U.S. Dept. of Justice*,

903 F.2d 1011, 1013 (5th Cir. 1990) (when faced with a challenge to service, the burden falls upon the serving party to demonstrate either valid service or good cause for the defect). Accordingly, the undersigned recommends that the pending motion to dismiss filed by Daiquiris Supreme be GRANTED pursuant to Fed. R. Civ. P. 4(m) and LR 41.3.

## **Conclusion**

For the reasons discussed herein, the undersigned recommends that the pending motion to dismiss (Rec. Doc. 10) filed by Daiquiris Supreme be GRANTED and, accordingly, that all claims by plaintiff Blake Aaron Broussard against this purported defendant be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this ___5th___ day of August, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE